# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>APPROXIMATELY $30,000.00 IN U.S. CURRENCY,<br><br>                    Defendant. | 1:13-CV-01542-GSA<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>(Doc. No. 21) |

　　　　This dispute arises out of an asset forfeiture which was initiated on September 24, 2013. (Doc. No. 1.) Pending before the Court is a Motion to Compel brought by the United States against Claimant Alfonso Ramos (the "Motion"). Through the Motion, the United States seeks to compel Claimant Ramos ("Claimant") to provide a response to Interrogatory #1 in the United States' Interrogatories to Claimant, Set Two, which requests information about an individual named Priscilla Thompson. The Court has reviewed the Motion and the attached papers. (Doc. No. 21.) Claimant Ramos has restated his position in the Joint Statement of Discovery Disagreement without elaboration or citation to any governing law supporting his position. (Doc. No. 21-2.) After consideration of the pleadings, the Motion to Compel is GRANTED.

　　　　The information sought by the United States relates to the reason Claimant asserts he was traveling with the Defendant Currency. On February 20, 2013, a vehicle in which Claimant was a passenger was stopped on Interstate 5 en route to Los Angeles from Vancouver, Washington. (Doc. No.

1

21-2.) Fresno County Sheriff's Office deputies discovered $30,000 in currency during a search of the vehicle. A drug detection dog alerted to the odor of narcotics on the Defendant Currency. *Id.*

Claimant Ramos initially told the deputies that he was traveling to a family reunion in Los Angeles. (Doc. No. 1. at ¶ 10.) On March 6, 2014, Claimant served responses to the United States' First Set of Special Interrogatories in which he again asserted that he was traveling down to Los Angeles to visit family. (Doc. No. 21-1 at 9.) Two months later, on May 8, 2014, Claimant testified in a deposition and changed his story, saying that he had actually been traveling down to Los Angeles for a friend's family reunion. He testified that he had known the friend, Priscilla Thompson, for ten years and that he spoke with her on a regular basis. (Doc. No. 21-1.) He also offered a phone number for Thompson and suggested that a search of his phone records would reveal calls to her "every couple months." *Id*. at 16. Finally, he discussed his knowledge of Thompson's family reunion and her place of residence in Los Angeles, although he did not recall her exact address and said he "would have to call her and ask her." *Id*. at 19.

On September 22, 2014, the United States served Claimant with a Second Set of Interrogatories. *Id.* at 2. The interrogatory in question, Interrogatory #1, requests: "Identify Priscilla Thompson which [sic] should include, but is not limited to, the following:  (a) Current resident address; (b) Address where she was residing at the time of seizure; (c) Current telephone number; (d) Telephone number at the time of seizure; (e) Any and all known electronic mail (email) addresses; (f) Any and all social media account logins or handles (i.e. Facebook profile name, Twitter profile name, etc.); (g) Any and all other names by which you have known Priscilla Thompson; (h) The proper spelling of Priscilla Thompson's name if not properly spelled herein." *Id.* at 30. On October 27, 2014, Claimant served responses to the Second Set of Interrogatories and refused to answer Interrogatory #1, saying only that "Priscilla does not want to be involved in this matter." *Id*. at 37.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P.

26(b)(1). In an asset forfeiture case, information substantiating or contradicting the Claimant's statements about where he was going, why he was going there, and the route chosen to get there are relevant questions to establish whether there was a "substantial nexus between the property seized and drug trafficking." *United States v. $321,470.00*, 874 F.2d 298, 305 (5th Cir. 1989).

The Court finds that the information sought by Interrogatory #1 is within the scope of discoverable matters authorized under Rule 26. Information corroborating or contradicting Claimant's purpose for traveling to Los Angeles is relevant with respect to the potential nexus between the property seized and drug trafficking. Claimant does not assert any proper basis on which to object to the request. To the extent Claimant's response to Interrogatory #1 constitutes an objection to the scope of the interrogatory, any objections to the production of the address or other contact information of Thompson were waived when Claimant volunteered a telephone number for Thompson and discussed her place of residence without objection during his deposition. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

Claimant is ordered to produce the information requested by Interrogatory #1 to the United States and is hereby placed on notice that any failure to comply with this order will subject him to the full range of discovery sanctions set forth in Rule 37(b)(2) of the Federal Rules of Civil Procedure, including, among others, the payment of attorneys' fees for the prevailing party, contempt of court, and entry of judgment against the disobedient party.

**ORDER**

For the reasons set forth above, the Motion to Compel is GRANTED. Accordingly, Claimant is ordered to produce the information requested by Interrogatory #1 to the United States no later than February 3, 2015.

IT IS SO ORDERED.

Dated:   **January 16, 2015**          /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE